AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of New Mexico

FILED

United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| PHILLIP LOVATO | ) | Case No.  **25mj993** |
| YOB 1985 | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___April 29, 2025___ in the county of ___Santa Fe___ in the District of ___New Mexico___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) | Possession with Intent to Distribute 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); |
| 21 U.S.C. § 846 | Conspiracy to Commit drug Trafficking. |

This criminal complaint is based on these facts:

See attached affidavit, approved by AUSA Blake Nichols.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA David Zimmerman, DEA
_____
*Printed name and title*

Electronically submitted and telephonically sworn to me.

Date: ___04/29/2025___

_____
*Judge's signature*

City and state: ___Albuquerque, New Mexico___

Hon. Karen B. Molzen
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE ARREST OF:<br><br>PHILLIP LOVATO<br><br>YOB 1985 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, David Zimmerman, a Special Agent with the Drug Enforcement Administration ("DEA"), being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND OF THE AFFIANT**

1.     I make this affidavit in support of the arrest of ROBERTA HERRERA (year of birth 1985) (hereafter "LOVATO"), for violations of:

a)  21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and

b)  21 U.S.C. § 846, that being Conspiracy to Commit drug Trafficking.

2.     I have been a Special Agent with the Drug Enforcement Administration ("DEA") since May of 2020. I attended the DEA Training Academy in Quantico, Virginia, where I received approximately 14 weeks of specialized narcotics-related training. As part of the curriculum at the DEA academy, I received advanced training in controlled substance identification, narcotics related investigation techniques, interview and interrogation training, preparation of search warrants, tactical applications of narcotics enforcement, surveillance, and electronic monitoring techniques. I have received training in the methods of operation of Drug Trafficking Organizations, and in the investigation of Title 21 violations. Prior to becoming a Special Agent, I was a sworn

1

Law Enforcement Officer in the state of Colorado.  Starting in December 2013, I served with the Boulder Police Department and the Aurora Police Department. I was tasked with conducting investigations of violations of the Colorado Revised Statutes and have authored arrest warrants and search warrants for residences, cell telephones, and social media platforms related to drug investigations. As a result, I am familiar with matters including, but not limited to, the means and methods used by individuals to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions.

3.    This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.  Throughout this affidavit, reference will be made to law enforcement officers.  Law enforcement officers are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

4.    Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of the following was committed by LOVATO:

a) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

b) 21 U.S.C. § 846, that being Conspiracy to Commit drug Trafficking; and

5.    Because this affidavit is submitted for the limited purpose of securing authorization for a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested warrant.

**General Background**

6.      Agents have been conducting a long-term investigation into the Heriberto SALAZAR AMAYA (HSA) drug trafficking organization (HSA DTO). Agents have learned that HSA routinely sends couriers to deliver narcotics that are ordered from HSA's DTO. During the course of the investigation, DEA Agents have identified David ANESI, Vincent MONTOYA, Francisco GARCIA, and others as high-volume drug traffickers in the Albuquerque, New Mexico metropolitan area, specifically distributing fentanyl, methamphetamine, and cocaine. Agents have subsequently identified Phillip LOVATO as a significant customer who sourced large quantities of fentanyl from GARCIA. On April 29, 2025, Agents seized approximately 110,000 fentanyl pills from LOVATO's stash house in Santa Fe, New Mexico.

**Surveillance Operations on April 27, 2025**

7.      On April 27, 2025, Agents conducted surveillance operations at 732 Doe Ln SE, Albuquerque, New Mexico, a residence belonging to the mother of Francisco GARCIA, a known large-scale drug trafficker. Agents observed a suspected drug transaction between GARCIA and an unknown male, later identified as Phillip LOVATO. During the transaction, agents observed multiple vehicles at GARCIA's residence, including a Gold Ford Escape and a blue Chevrolet Malibu. While on surveillance, a known courier of the HSA DTO arrived at GARCIA's. Agents observed the courier remove a large black and yellow tub from the vehicle and take it inside.[1] A short time later, agents observed multiple people come out of the residence and appear to place something in the back of the Ford Escape.

8.      Agents have previously observed other members of the HSA drug trafficking organization ("DTO"), including couriers who deliver and customers who are sourced by

---

[1] Agents have routinely observed suspects in this investigation utilizing these same style containers.

GARCIA, arrive and conduct transactions at GARCIA's residence in this same manner. Based on my training and experience and the intelligence into the HSA DTO, this appeared to be consistent with drug trafficking.

9.      The Ford Escape and the Chevrolet Malibu then left in tandem together. Surveillance was maintained and Agents observed both vehicles drive directly to 3240 Rufina St. #1, Santa Fe, New Mexico.

**Search of 3240 Rufina Street #1 on April 29, 2025**

10.      On April 27, 2025, Agents authored a search warrant for 3240 Rufina St #1, Santa Fe, New Mexico, which was signed and approved by the Honorable Judge Karen B. Molzen (MR-25-790).

11.      On April 29, 2025, agents executed that search warrant at 3240 Rufina St #1, Santa Fe, New Mexico. Upon execution of the search warrant, agents located two large black safes in the closet of the master bedroom of the residence.

12.      While on scene, agents were approached by LOVATO, who self-identified and was later confirmed through a New Mexico Driver's license. LOVATO was nervous and evasive to agents about why LOVATO was there. LOVATO told agents that the residence belonged to his girlfriend's parents. LOVATO's was detained on scene.

13.      Agents opened the safes and in one safe, located a large amount of clear plastic bags that contained small blue pills, marked with "M 30", the second safe contained a large amount of small blue pills marked with "M 30" on them as well as a large amount of United States Currency which was bundled together. Based on my training and experience, these pills were consistent with fentanyl.

14.    As LOVATO observed agents open the safes, he asked if he could speak with Agents. Agents read LOVATO his *Miranda* rights and LOVATO informed agents he understood his rights and would talk.



15.    LOVATO informed agents that the fentanyl pills in that were in the safe were his and that LOVATO put them in there on Saturday night (April 27, 2025). LOVATO informed agents that he utilizes this residence as a stash location despite the family members not approving it.  Lovato admitted that he intended to transfer these pills to others.

16.    In total, Agents seized approximately 110,000 fentanyl pills weighing approximately 11.55 kilograms. Agents also seized approximately $80,000 in bulk U.S. Currencny.



## **CONCLUSION**

17.    Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of violations of the following were committed by LOVATO:

a)    21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

b)    21 U.S.C. § 846, that being Conspiracy to Commit drug Trafficking; and

18.     Assistant United States Attorney Blake Nichols reviewed and approved this affidavit for legal sufficiency.

_____
David Zimmerman
Special Agent
Drug Enforcement Administration

Subscribed electronically and sworn telephonically
before me on April 29, 2025:

_____
HONORABLE KAREN B. MOLZEN
UNITED STATES MAGISTRATE JUDGE